IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**ERIC A. FOSTER,**

    **Petitioner,**

v.                                      **Case No. 2:16-cv-07333**

**JOHN T. MURPHY, Warden,**
**Huttonsville Correctional Center,**[1]

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court is the petitioner's Motion to Stay and Hold in Abeyance (ECF No. 6).

## PROCEDURAL HISTORY OF PETITIONER'S CASE

On October 7, 2004, the petitioner was found guilty by a jury in the Circuit Court of Nicholas County of two counts of second-degree murder. (*State v. Foster*, Case No. 04-F-48). (ECF No. 5 at 1). On December 14, 2004, the petitioner was sentenced to serve aan aggregate term of imprisonment of 80 years (two consecutive 40 year terms). (*Id.*) The

---

[1] The proper respondent in a habeas corpus matter is the petitioner's custodian. According to the most recent correspondence from the petitioner, the current Warden at the Huttonsville Correctional Center is John T. Murphy. Accordingly, the Clerk is directed to modify the docket sheet to reflect that John T. Murphy is the proper respondent herein, both in the style of the case and the short style at the top of the docket sheet.

petitioner's judgment was affirmed by the Supreme Court of Appeals of West Virginia (the "SCAWV") on November 19, 2007. *State v. Foster*, Case No. 33323, 656 S.E.2d 74 (2007). The petitioner's Petition for a Writ of Certiorari was denied by the United States Supreme Court on April 14, 2008 and that is the date upon which his judgment became final. *Foster v. West Virginia*, 552 U.S. 1323 (2008).

The petitioner filed a Petition for a Writ of Habeas Corpus in the Circuit Court of Nicholas County on August 6, 2008 (Case No. 08-C-139), which was denied on September 14, 2014, following an omnibus evidentiary hearing. The denial of the petitioner's circuit court habeas corpus petition was affirmed by the SCAWV, *see Foster v. Ballard*, No. 14-1023, 2015 WL 6756866 (Nov. 4, 2015), and a mandate issued on December 5, 2015. (*Id.* at 3). The habeas appeal addressed the issues of whether the petitioner's trial counsel was ineffective in failing to convey an initial plea offer and whether his trial preparation and performance was inadequate.

On August 8, 2016, the petitioner filed his initial Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 2). On August 18, 2016, the petitioner paid the applicable $5.00 filing fee. Then, on January 23, 2017, the petitioner filed an Amended Petition (ECF No. 5), which added specific citations to the state court record, but did not alter the claims asserted by the petitioner. However, on February 9, 2017, the petitioner filed a Motion to Stay and Hold in Abeyance (ECF No. 6), in which he requests that the court hold his federal petition in abeyance while he returns to state court to exhaust his state court remedies concerning at least one of the grounds (Ground Four) asserted in his Amended Petition.[2]

---

[2] The petitioner admits that Claim Four of his Amended Petition is unexhausted and, at the time he filed the Motion to Stay, a habeas corpus petition addressing that issue was pending in the Circuit Court of Nicholas County. Correspondence received from the petitioner on June 7, 2017, indicates that the circuit

The Amended Petition and Motion to Stay and Hold in Abeyance were served on the respondent and the Attorney General for the State of West Virginia with a Notice of Filing, pursuant to an Order entered on April 25, 2017 (ECF No. 9). The respondent was directed to file a response to the Motion to Stay and Hold in Abeyance by May 17, 2017, with a reply by the petitioner due by May 31, 2017. (*Id.*)

On May 4, 2017, the petitioner filed a Motion to Order Respondent to Address Whether Claims One, Two and Three of his Amended Petition are Exhausted (ECF No. 10). On May 8, 2017, the respondent filed a Response to the Motion to Stay and Hold in Abeyance (ECF No. 11), indicating that he has no objection to a stay of this matter so that the petitioner may attempt to exhaust his claims in the state courts. The respondent also filed a Response to the petitioner's Motion to Order Respondent to Address Whether Claims One, Two and Three of his Amended Petition are Exhausted, in which the respondent asserts his belief that Claim Three of the petitioner's Amended Petition is also unexhausted. (ECF No. 12).[3]

## APPLICABLE STATUTES AND CASE LAW

On April 24, 1996, a one-year limitation for filing of federal habeas corpus petitions was enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA"). The AEDPA provides, in part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

court petition has been dismissed and the petitioner has filed a Notice of Appeal to the Supreme Court of Appeals of West Virginia (the "SCAWV"). (ECF No. 13).

[3] In light of this response, the undersigned has denied the petitioner's Motion to Order Respondent to Address Whether Claims One, Two and Three of his Amended Petition are Exhausted (ECF No. 10) as moot.

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

Section 2254 of Title 28 provides, in pertinent part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -
>
> (A) the applicant has exhausted the remedies available in the courts of the State . . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)(1)(A), (c).

The petitioner bears the burden of proving exhaustion. *See Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998); *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Where a petitioner has failed to exhaust his state court remedies, generally, the federal petition should be dismissed. *McDaniel v. Holland*, 631 F. Supp. 1544, 1545 (S.D. W. Va. 1986)(citing *Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973)).

4

In West Virginia, prisoners may exhaust their available state court remedies either by stating cognizable federal constitutional claims in a direct appeal, or by stating such claims in a petition for a writ of habeas corpus in a state circuit court pursuant to West Virginia Code § 53-4A-1, followed by filing a petition for appeal from an adverse ruling in the SCAWV. *Moore v. Kirby*, 879 F. Supp. 592, 593 (S.D. W. Va. 1995); *McDaniel v. Holland*, 631 F. Supp. at 1545. A prisoner may also exhaust the state court remedies by filing a petition for a writ of habeas corpus filed under the original jurisdiction of the SCAWV. However, an original jurisdiction petition that is denied without an indication that the denial is with prejudice following a determination on the merits will not exhaust the prisoner's state court remedies. *See Moore*, 879 F. Supp. at 593; *McDaniel,* 631 F. Supp. at 1546; *see also, Meadows v. Legursky*, 904 F.2d 903, 908-909 (4th Cir. 1990) (*abrogated on other grounds, Trest v. Cain*, 522 U.S. 87 (1997)).

## **ANALYSIS**

The petitioner's Amended Petition contains the following grounds for relief:

1. Petitioner was denied the effective assistance of counsel in violation of the Sixth Amendment by trial counsel's failure to communicate a written plea offer to Petitioner.

2. Petitioner was denied the effective assistance of counsel in violation of the Sixth Amendment by trial counsel's failure to conduct an adequate investigation and preparation for trial.

3. Petitioner was denied the effective assistance of counsel in violation of the Sixth Amendment by trial counsel's failure to explain: (1) the concept of "acting in concert with;" (2) the parole eligibility date for a forty-year determinate sentence; and (3) the day-for-day good time law that allows discharge of a forty-year determinate sentence in twenty years, all of which resulted in Petitioner rejecting a plea agreement for a forty-year sentence and receiving an aggregate sentence of eighty years after trial.

> 4. Petitioner was denied the effective assistance of counsel in violation of the Sixth Amendment by trial counsel's conduct during closing arguments.

(ECF No. 5). The Amended Petition concedes that Ground Four has not been properly exhausted.[4]

On January 26, 2017, the petitioner filed a second habeas corpus petition in the Circuit Court of Nicholas County, which is now pending on appeal in the SCAWV. According to the petitioner's Motion to Stay and Hold in Abeyance and the attachments thereto (ECF No. 6), the second state court petition raised the same claim asserted in Ground Four of the Amended Petition.[5]

As noted in 28 U.S.C. §§ 2244(b)(2) and (3), a petitioner may only file one section 2254 petition concerning a particular conviction and sentence, and any claims raised in a second or successive petition, absent one of the enumerated exceptions, and authorization by the appellate court to file a second or successive petition, must be dismissed. 28 U.S.C. §§ 2244(b)(2) and (3). Therefore, to the extent that the petitioner may wish to assert, before this court, the claim(s) raised in his pending state habeas corpus proceedings, he must do so in one timely section 2254 petition, after his state court remedies concerning those claims are fully exhausted.

---

[4] The undersigned notes, however, that the SCAWV's opinion affirming the denial of the petitioner's initial circuit court habeas corpus petition found that defense counsel's closing argument was not constitutionally deficient.

[5] Based upon the record before this court, the undersigned is uncertain of whether the petitioner's pending state habeas corpus proceedings have addressed the claims asserted in Ground Three of the petitioner's federal petition, which the respondent has asserted are also unexhausted. At this stage of the proceedings, and given the fact that the respondent has agreed to the stay of this matter, the undersigned declines to make any proposed findings concerning the exhaustion of each of the four grounds for relief asserted in the Amended Petition. Rather, such matters may be addressed at the conclusion of the petitioner's pending state habeas corpus proceedings.

The United State Supreme Court most recently addressed the issue of staying section 2254 proceedings in *Rhines v. Weber*, 544 U.S. 269, 277 (2005). The Court granted certiorari to resolve a circuit split, and held that a district court has discretion to stay a petition to allow a petitioner to present his unexhausted claims to the state court, but only in limited circumstances. The Court ruled that "stay and abeyance is only appropriate when the district court determines that there is good cause for the petitioner's failure to exhaust his claims first in state court." *Id.*

The respondent's Response contains a brief analysis of the timeliness of the petitioner's section 2254 petition. According to the Respondent's calculations, the petitioner's section 2254 petition was timely filed, but with only 5 days remaining under the one-year statute of limitations. The respondent's Response further indicates that he does not oppose a stay and abeyance to enable the petitioner to attempt to exhaust his state court remedies concerning any unexhausted claims. The petitioner contends that the filing of the second state court petition was necessary because his habeas counsel failed to raise some of his claims in his state habeas appeal, and, consequently, such claims, which he seeks to raise herein, are presently unexhausted.

Accordingly, the undersigned proposes that the presiding District Judge **FIND**, pursuant to the holding in *Rhines v. Weber*, 544 U.S. at 277, that the petitioner's request for a stay and abeyance of these proceedings until the conclusion of his pending state habeas corpus proceedings is unopposed and warranted under the circumstances. Accordingly, for good cause shown, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the petitioner's unopposed Motion to Stay and Hold in Abeyance (ECF No. 6) and **HOLD IN ABEYANCE** the petitioner's Amended Petition,

pending the petitioner's exhaustion of the available state court remedies concerning his second state habeas corpus petition.

It is further respectfully **RECOMMENDED** that the presiding District Judge **DIRECT** the Clerk to transfer this matter to the inactive docket until further order of the court. It is further respectfully **RECOMMENDED** that the presiding District Judge **ORDER** the petitioner to notify the court and the respondent, within 14 days of the resolution of his state habeas appeal, of the result thereof and his intent to proceed with this matter.

The parties are notified that this Proposed Findings and Recommendations is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the district court and a waiver of appellate review by the circuit court of appeals. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on the opposing party and Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to transmit the same to counsel of record.

June 15, 2017

Dwane L. Tinsley
United States Magistrate Judge